DECISION AND JUDGMENT ENTRY
Keary Miller appeals his conviction following a jury trial in the Ross County Court of Common Pleas for child endangering under R.C.2919.22(B)(1).
Tyler Miller (Tyler), the victim, was born to Keary Miller (appellant) and Chastity Schobelock in March 1998. Following the birth, the couple went to live with Chastity's parents, Charles and Janet Gearhart, in Ross County, Ohio. At approximately 5 weeks of age, Tyler suffered sudden medical complications, including breathing problems, and was rushed to the hospital.
The incident occurred in the early morning hours. Chastity Schobelock testified that she awoke at approximately 6:00 a.m. when she heard Tyler crying. As was her typical routine, she went downstairs to prepare a bottle to feed Tyler. She left Tyler upstairs with appellant. Charles and Janet Gearhart awoke around this time and were up and preparing for the day when Chastity came downstairs. Charles was showering and Janet was in the living room watching television. Both Chastity and her parents testified that they heard Tyler make a loud scream from the upstairs bedroom, and that Chastity went back upstairs to investigate.
In the upstairs bedroom, Chastity found Tyler lying on appellant's chest. He was lethargic but did not have any visible marks. Chastity tried to feed Tyler but he refused. She then brought Tyler downstairs to Janet Gearhart who tried to feed him for approximately 5 to 10 minutes. Janet Gearhart eventually discovered that Tyler was having trouble breathing. Appellant and Chastity rushed Tyler to Adena Hospital in Chillicothe, Ohio. Tyler was treated in the emergency room at Adena Hospital and shortly thereafter, he was airlifted to Children's Hospital in Columbus, Ohio.
At Children's Hospital, Tyler was diagnosed with blunt trauma to the head and/or shaken baby syndrome. He received treatment there for about one month. Based on the incident, appellant was indicted by the Ross County grand jury on charges of felonious assault under R.C. 2903.11 and two counts of child endangering under R.C. 2919.22(B)(1) and R.C.2919.22(A). The case was tried to a jury that returned a not guilty verdict on the felonious assault charge, but a guilty verdict on the two charges of child endangering. At sentencing, the trial court found that the child endangering convictions were crimes of similar import under R.C. 2945.21 and proceeded to sentence appellant to four years imprisonment based only on the second count of child endangering under R.C. 2919.22(B)(1). The appellant filed a timely notice of appeal challenging his conviction based on the following assignments of error:
 I.DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN ALLOWING EXTENSIVE HEARSAY TESTIMONY.
Appellant's first assignment of error consists of a six-part claim of ineffective assistance of counsel. Reversal of a conviction for ineffective assistance requires that the defendant show, first, that his counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. State v. Smith (2000), 89 Ohio St.3d 323, 327, citingStrickland v. Washington (1984), 466 U.S. 668, 687; and State v. Bradley
(1989), 42 Ohio St.3d 136 . Defense counsel's representation must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance. Bradley at 142. Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.State v. White (1988), 82 Ohio St.3d 16, 23. If it is easier to resolve the issue by addressing the prejudice requirement then the court is free to do so. State v. Carter (2000), 89 Ohio St.3d 593, 605.
In pursuing a claim of ineffective assistance, a defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, supra. A debatable decision involving trial tactics generally does not constitute a deprivation of effective counsel. State v. Phillips (1995),74 Ohio St.3d 72.
With this standard in mind, we turn to the appellant's arguments in his first assignment of error.
Defense counsel's performance was deficient to the
 extent that he failed to file reciprocal discovery thereby precluding the calling of any witness on behalf of defendant/appellant.
The record indicates that defense counsel requested discovery from the prosecution, but failed to respond to the prosecution's reciprocal request. The prosecution filed a Motion to Compel discovery that was granted by the trial court. While defense counsel's failure to respond to the discovery request violated Crim.R. 16, we cannot say that appellant was prejudiced by the error. The record does not indicate that the trial court imposed sanctions. Moreover, appellant failed to identify any witnesses that were precluded from testifying due to counsel's alleged error. It appears from the record that all of the potential witnesses to the incident were called by the prosecution. There is no indication that other witnesses were available to testify on appellant's behalf, or that appellant tried to call other witnesses. Therefore, based on the record, we cannot say that a reasonable probability existed that the trial would have been different without counsel's alleged error. Furthermore, to the extent that there is evidence outside the record that potentially beneficial witnesses exist, this issue should be pursued by post-conviction relief. See State v. Cooperrider (1983), 4 Ohio St.3d 226
. Appellant's first argument in this assignment of error is meritless.
Defense counsel's performance was deficient to the extent that he failed to call an expert witness on behalf of defendant/appellant to testify as to the cause of Tyler Miller's injuries.
Even if we were to hold that the failure to seek an expert was a deficient performance as a matter of law, any finding of prejudice based on the record would be speculative. The record is silent concerning whether a medical expert was available to testify as to alternative theories for Tyler's injuries, or what the specific content of that testimony would have been. Because this issue must be resolved by presenting evidence outside the record, it is not subject to a direct appeal and must also be brought by way of post-conviction relief. SeeCooperrider, supra. This argument is meritless.
3) Defense counsel's performance was deficient and thereby prejudiced defendant/appellant to the extent that defense counsel did not allow defendant/appellant to testify in his own defense.
A criminal defendant has a due process right to testify on his own behalf. State v. Brewer (Sept. 8, 1998), Highland App. No. 98CA5, unreported. The decision whether to testify lies with the accused. Jonesv. Barnes (1983), 463 U.S. 745, 751. In this case, however, there is no indication in the record that appellant's trial counsel hindered him in exercising his right. There is nothing in the record to indicate that appellant's counsel advised him not to testify, misinformed him as to his right to testify, or in any other way prevented him from exercising his right to testify. Appellant did not make a demand on the court to allow him to testify. We can only conclude that the decision not to put the appellant on the stand was a matter of trial strategy with which the appellant concurred. A reviewing court will not second-guess trial strategy decisions. State v. Mason (1998), 82 Ohio St.3d 144, 157. Moreover, to the extent this argument relies on evidence outside the record, it likewise should be pursued under post-conviction relief. Therefore, the third argument is overruled.
4) Defense counsel erred to the prejudice of defendant/appellant to the extent that he did not file a motion for change of venue in this highly publicized case nor did defense counsel voir dire on the issues of pretrial publicity.
While it is clear that defense counsel did not file a motion for change of venue or voir dire the jury extensively on this issue, there is no evidence in the record to support a conclusion that appellant was denied effective assistance as a result. The record does not indicate the extent of pretrial media publicity in this case. Appellant characterizes the pretrial media publicity as "extensive" by way of radio and newspapers. However, the appellee claims that there was not much publicity at all, maybe one radio broadcast related to the case. Without any evidence in the record, we are left to conclude that this issue must also be decided in the post-conviction relief context. The argument is overruled.
Defense counsel erred to the prejudice of defendant/appellant to the extent that defense counsel failed to object to improper prosecutorial comments during the closing argument.
Appellant points to three objectionable statements made by the prosecution in her closing argument. First, the prosecution stated, "Tyler Miller did not testify in front of you yesterday. He will never be able to testify in front of anyone." Appellant claims that defense counsel should have objected because this statement was inflammatory, completely unsupported by the evidence, and made with the intent to play upon the emotions of the jury. We agree that there is no evidence to support the statement that Tyler will never be able to give testimony. Very little evidence was presented at trial regarding Tyler's medical condition at the time. Nevertheless, we do not find that appellant was denied effective assistance of counsel based on defense counsel's failure to object to this statement. The statement was not particularly damaging given the extensive medical evidence submitted. It may have been that defense counsel did not want to draw attention to an insignificant error. We will not second-guess what is arguably defense counsel's trial tactic. State v. Clayton (1980), 62 Ohio St.2d 45, 48-49. Moreover, we seriously doubt that the jury based its verdict solely on this statement or that the appellant would have been found not guilty in its absence. Therefore, we cannot say that defense counsel committed a serious error that effected the outcome of the trial.
Next, appellant claims that his defense counsel should have objected to the prosecution's statements regarding the burden to prove every essential element of the crimes charged, and the concept of reasonable doubt. In her closing argument, the prosecution made the following statement:
 "Ladies and gentleman, you're going to be lectured today on reasonable doubt. And reasonable doubt's a fair standard. It's a standard that we would all want applied if we were on trial. But let me tell you what it is not. Reasonable doubt is not doubt beyond all reason. It is not without a doubt. It is not that you give the defendant the benefit of the doubt. Reasonable doubt is exactly what it says. It's beyond reason. The defense's job is to throw doubts at you and you're here hoping that he's going to take the bait and that you're going to find his client not guilty. By illustration let me kind of throw something out at you. Think about a jigsaw puzzle. And if you're putting together a thousand-piece jigsaw puzzle and you put a couple pieces here and a couple pieces there and pretty soon you can tell that it's a picture of say a little boy by the river fishing. Now, it doesn't matter that a couple of pieces are missing. Does that change what it's a picture of? No, it does not. And even though there's a couple of pieces missing, that's the way it is. That's the way the criminal trial is. * * * "
We assume for the sake of argument that the prosecution's statement explaining reasonable doubt was potentially confusing and misleading (we are not convinced that the prosecution misrepresented her burden to prove every essential element of the case with her jigsaw puzzle analogy). Nevertheless, we need not decide whether defense counsel had a duty to appellant to object to these statements because we find that appellant was not prejudiced.
We consider the entire record in determining whether appellant was prejudiced by his defense counsel's alleged errors. In this case, the trial court instructed the jury that it had a sworn duty to accept the instruction provided by the court, and to apply the law as it is given to them by the court. The court's relevant instructions were:
 "The defendant is presumed innocent unless his guilt is established beyond a reasonable doubt. The defendant must be acquitted unless the State produces evidence which convinces you beyond a reasonable doubt of every essential element of the crimes charged in the indictment. Reasonable doubt is present when after you have carefully considered and compared all the evidence, you cannot say you are firmly convinced of the truth of the charge. Reasonable doubt is doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending upon moral evidence is open to some possible or imaginary doubt. Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his or her affairs. * * *"
The trial court properly charged the jury on the prosecution's burden of proof, and the concept of reasonable doubt. See R.C. 2901.05
(statutory definition of "reasonable doubt"). Appellant does not challenge the jury instructions. Moreover, appellant was acquitted on the charge of felonious assault, indicating that the jury applied the instructions as charged by the court. Felonious assault requires that the defendant knowingly cause serious physical harm. R.C. 2903.11. The prosecution's case was weakest on the scienter element needed for the assault conviction. We believe that this is some indication that the jury applied the standard as instructed by the court, and was not misled or confused by the prosecution's statements. We cannot say that appellant was prejudiced by defense counsel's alleged error.
In addition, appellant claims that his defense counsel should have objected to improper hearsay testimony regarding statements he made to the police. The record shows that Tony Wheaton, a Ross County Sheriff Detective, testified to statements appellant made to him during the course of several interviews. However, Detective Wheaton's testimony was not objectionable as hearsay. "A statement by a criminal defendant in his individual capacity to a third party is not hearsay when offered against him at trial." State v. Williams (May 6, 1993), Athens App. No. 92CA1523, unreported; Evid.R. 801(D)(2)(a). Therefore, this argument is meritless.
Defense counsel erred to the prejudice of defendant/appellant to the extent that defense counsel failed to ask for any jury instructions on behalf of his client.
Finally, appellant contends that defense counsel should have requested jury instructions regarding reasonable doubt as to the cause of Tyler's injuries. Defense counsel is not under a duty to submit jury instructions in every case. "[A] criminal defendant has a right to expect that the trial court will give complete instructions on all issues raised by the evidence." State v. Williford (1990), 49 Ohio St.3d 247. Our reading of the record shows that the trial court instructed the jury both on reasonable doubt and causation. Appellant does not allege that the instructions were improper. Thus, we can find no prejudice in defense counsel's failure to submit jury instructions.
Having reviewed the entire record, we cannot say that appellant was denied effective assistance of counsel. The alleged errors, neither singularly nor cumulatively, were so serious that counsel was not functioning as "counsel" granted by the Sixth Amendment, or so serious that the result of the trial was rendered unreliable. State v. Thompson
(1987), 33 Ohio St.3d 1, 10. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant challenges the admission of certain hearsay statements. We have already held that appellant's statements to third parties are not hearsay when offered against him at trial. Evid.R. 801(D)(2)(a). Therefore, to the extent appellant challenges the admission of the statements he made to Detective Wheaton and to Teresa Reeves, an investigator for Ross County Children's Services, this assignment of error is meritless.
However, in addition to his own statements, appellant challenges admission of Detective Wheaton's testimony regarding a conversation he had with Dr. Gillis, Tyler's attending physician at Children's Hospital. Detective Wheaton gave the following testimony:
 "I first spoke with the attending physician. I believe the doctor's name was Dr. Gillis. I asked Dr. Gillis what the extent of the injuries were to this five week old and probable cause of the injuries. At the time, it was undetermined exactly what caused these injuries. However, she suspected that it was high velocity force to the head and possibly a shaken baby syndrome. I asked her several different questions concerning typical visual acuities that you would see on a shaken baby, such as retinal hemorrhaging. She explained to me that even though Tyler Miller did not display any retinal hemorrhaging which is redness in the whiteness of the eyes, it's actually blood, it does not preclude the fact that the child may have been shaken. There`s still a small percentage of children that once have been shaken do not show any visible signs of injury. It's all internally. I had several other questions I posed to Dr. Gillis and unfortunately she could not answer those questions unless the child died and an autopsy was performed. * * * "
This testimony is clearly hearsay. There is no indication that it is being offered for any purpose other than to prove the truth of the matters asserted by Dr. Gillis. Moreover, we do not believe it comes within one of the hearsay exceptions. Nevertheless, defense counsel failed to object to the testimony at trial, thereby waiving any challenge to admissibility. State v. Williams (1977), 51 Ohio St.2d 112. Our review is thus reduced to a plain error analysis under Crim.R. 52(B). See Statev. Wicklane (1990), 50 Ohio St.3d 114, citing State v. Broom (1988),40 Ohio St.3d 277.[1]
The plain error doctrine is reserved for exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Johnson
(Dec. 26, 1995), Ross App. No. 94CA2004, unreported, citing State v.Landrum (1990), 53 Ohio St.3d 107 . Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been otherwise. State v. Biros (1997), 78 Ohio St.3d 426,436.
In this case, exceptional circumstances do not exist to justify application of the plain error doctrine. We cannot say that the outcome of the trial would clearly have been different if Dr. Gillis's hearsay statements were excluded. The same evidence, which had to do with Tyler's medical diagnosis and symptoms, was included in the record by exhibits containing Tyler's medical records. Moreover, the same evidence was essentially repeated later at trial in the testimony of Dr. Charles Johnson, M.D., a consulting pediatrician at Children's Hospital. Appellant does not challenge the admission of Dr. Johnson's testimony.
Consistent with Dr. Gillis's opinion in the treatment notes, Dr. Johnson testified that in his opinion, Tyler's injuries were a result of intentional trauma, most likely a combination of shaking and impact. He described his diagnosis as a process of elimination ruling out other natural causes. Dr. Johnson testified that Tyler's symptoms included bleeding into the brain, swelling of the brain, and a variety of serious neurological complications. Dr. Johnson also testified that 85% of babies with Tyler's diagnosis show signs of retinal hemorrhaging, but that Tyler did not have these signs.
Given the cumulative evidence in the record, we do not believe that the admission of Dr. Gillis's hearsay testimony constituted plain error. Appellant's second assignment of error is overruled.
For all the forgoing reasons, appellant's conviction is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________ William H. Harsha, Judge
Kline, J. Evans, J.: Concur in Judgment and Opinion
[1] Appellant does not contend that the failure to object to this hearsay evidence was ineffective representation. Because of our conclusion that Dr. Gillis's hearsay testimony was cumulative and/or admitted by other means, a claim of ineffectiveness would fail because of a lack of prejudice.